8w367·
134　533

# Slocum *against* Slocum.

There is nothing in the nature of an action of debt upon a recognizance in the orphans' court, which would preclude the application to it of a rule of court rendering an affidavit of defence necessary, under penalty of a judgment to be entered.

If a rule of court provide that a judgment may be entered for want of an affidavit of defence by a certain time, and none be filed, a judgment may be entered at any subsequent time.

If a writ of summons be served upon three defendants, and only one appear, a judgment for want of an affidavit of defence, may be rendered against all.

If, upon an action of debt upon a recognizance, a judgment be entered by default for want of an affidavit of defence, it will not be reversed, because the declaration stated it to be a recognizance entered into in the court of common pleas, and remaining in the orphans' court; nor because of a variance between the amount of the recognizance stated in the writ, and that in the declaration: That can only be taken advantage of by oyer of the writ, and pleading the variance in abatement.

ERROR to the common pleas of *Luzerne* county.

The Commonwealth for the use of Esther Slocum against Ebenezer Slocum, Aaron Brown, and James Nesbit.

The writ was in " debt on recognizance in the orphan' court, not exceeding 1000 dollars." The declaration was upon a recognizance in the orphans' court, but stated to have been acknowledged and taken before the judges of the court of common pleas in the sum of 14,425 dollars, to secure the distributive shares of the heirs of Ebenezer Slocum, deceased, in their father's estate, and laying the amount claimed by the plaintiff to be 671 dollars 41 cents. The writ was returned, served upon all the defendants, on the 5th of March 1838. On the 17th of January 1839, the plaintiff took judgment on motion, for want of an affidavit of defence, in pursuance of what appears to have been a rule of court.

Errors assigned.

1. The action is not one in which an affidavit of defence could be required, especially as to Nesbit, who is bound in the recognizance, as laid in the declaration, only as surety for a performance by the other defendants.

2. The court erred in rendering judgment for want of affidavit of defence after the second term.

3. The court erred in rendering judgment against all the defendants together for want of affidavit of defence, when one only had appeared.

4. The recognizance is laid in the declaration to have been entered into before the court of common pleas, for a matter of which the orphans' court only have jurisdiction; it is therefore void, and consequently constitutes no longer cause of action.

5. The writ is in debt upon recognizance not exceeding one thousand dollars, and the declaration upon a recognizance in the sum of fourteen thousand four hundred and twenty-five dollars.

6. The declaration alleges no action to have accrued against Nesbit.

*Wurtz*, for plaintiff in error.
*Woodward*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The first error assigned, is that the court below erred in entering judgment against the defendants there, the plaintiffs in error here, for want of an affidavit of defence. Because, as the counsel alleges, the rule of the court authorising a judgment to be entered against the defendants for want of such affidavit, being filed within a certain period, does not apply to an action brought to recover a penalty against bail, such as James Nisbet, one of the plaintiffs in error, is in this case, for the non-performance of a collateral act by the principals; of which the bail, of his own knowledge, may know nothing, and therefore must be unable to make an affidavit, either as to the performance or the non-performance of the condition of the recognizance. We have not been furnished with a copy of the rule of the court below, relating to this exception, so as to enable us to judge whether this case falls within the words of it or not; but as the negative has not been shown, we are bound to presume that it does, as the court below have so decided, and must be supposed to be acquainted at least with the meaning of their own rule on the subject. The only question then, to be determined, is, was it competent for the court below to make such a rule in reference to a case like the present? The recognizance here is not conditioned for the performance of a collateral act, the non-performance of which might occasion a loss to the plaintiff, an exact estimate of which it might be difficult, if not impossible, for the defendant to ascertain, and therefore render it somewhat peri-

[Slocum v. Slocum.]

lous for him to make an affidavit of defence, either denying or admitting the plaintiff's claim of damages for the breach to any particular extent.   The condition is, for the payment of a certain sum of money, and in case of its not having been paid by the principal, no difficulty is presented as to the amount of compensation that must be made to repair the breach.   The sum, with interest thereon, from the time it ought to have been paid, must be the measure of compensation, and this is all that can be recovered.   The objection that, though the money may have been paid by the principal, the bail may not, of his own knowledge, know the fact, and therefore cannot comply with the rule, is of no weight whatever.   It is his duty to see that the money is paid, and he must be taken to know whether it is or is not.   And although he may not know of his own knowledge, that the money has been paid, yet he may, upon inquiry, satisfy his own belief on the subject, and if he be convinced that it has been paid, he can make an affidavit stating that he firmly believes it to be so; which is the most that in such case, would be required.

There is nothing in the second error, which is, that the court erred in rendering judgment for want of an affidavit of defence after the second term.   There is certainly no pretence for saying that the plaintiffs in error could have been injured by the plaintiff's below, not having taken judgment against them at as early a day as he might have done according to the rule of court.   Instead of producing an injury to them, it can only be regarded as an indulgence or favour, of which they have no ground to complain.   It was allowing them time beyond the rule to file an affidavit of defence, if they had any; and had they filed an affidavit of defence, at any time before the judgment was moved for, it would have been sufficient to have prevented a judgment from being entered against them for want of it, or because it had not been filed within the time allowed for that purpose by the rule.

Neither can we perceive any error in the third matter assigned for error; which is, that the court rendered a judgment against all the defendants below, when only one of them had appeared to the action.   The original process, however, was a summons, and served upon all the defendants, and because two of them did not choose to appear and make an affidavit of defence, it could not make it less proper to enter a judgment against them and the third defendant, than if they had appeared, but made no affidavit of defence.   There is no reason for holding that a defendant should have it in his power to evade the operation of the rule by his not appearing in the action after being duly served with a summons *ad respondendum*.

The plaintiffs in error allege in the assignment of the fourth error, that the recognizance is laid in the declaration to have been entered into before the court of common pleas, and appearing therefrom to have relation to a matter which belonged, as it is said, exclusively

to the jurisdiction of the orphans' court, the recognizance must be considered void, and therefore no suit can be sustained upon it. It is true that it is alleged in the declaration that the recognizance upon which this action is founded, was acknowledged in the court of common pleas, and that it remains in the orphans' court. And thence, it might possibly be inferred that it was taken in reference to some matter or proceeding in the orphans' court, over which it might have had exclusive jurisdiction. But certainly this can neither be inferred nor intended as against the court of common pleas, which is a court of general jurisdiction, if the statement in the declaration be not such as to show it clearly and unambiguously. In the present instance, it may be, that some difference of opinion might be entertained, if it were necessary to decide the case upon that ground, whether the occasion and proceeding, which gave rise to the taking of the recognizance, be so stated as to admit of no other interpretation, than a reference to a proceeding in the orphans' court where the recognizance is said to remain, and over which the court of common pleas had no jurisdiction. For be this as it may, there is enough in the declaration to authorise the intendment that the recognizance, if taken in the court of common pleas, was approved of by the orphans' court; and that we conceive is sufficient to make it available, whether it was acknowledged in the court of common pleas or the orphans' court, both of which are composed of the same judges. Supposing the recognizance to have been taken, as it would seem pretty clearly indicated upon its face and from its terms, for the purpose of securing to the widow and heirs of an intestate the payment of their respective proportions of the valuation of his real estate, of which he died seised, made according to a proceeding had in the orphans' court, under the act of 1794, it was competent for the orphans' court, under the 22d section of that act, in case they allowed time for the payment of the money, to direct and approve of the security that should be given for that purpose. That it should be, for instance, either by bond with sufficient sureties therein, or by a judgment to be confessed by the party taking the land at the valuation, in the court of common pleas, or by a recognizance to be acknowledged by him, with or without sureties, either in the orphans' court or in the court of common pleas. The words of the act in this behalf, are, " and therefore the said court (orphans' court) may, &c. order the whole (meaning of the land) to the eldest son, if he shall accept it, &c. He, &c., paying to the other children of the intestate, their equal and proportionable part of the true value of such lands, &c., or giving good security for the payment thereof in some reasonable time, not exceeding twelve months, as the orphans' court shall limit and appoint," &c. We therefore think the recognizance here good, and such as either of the persons for whose use and benefit it was taken, may maintain an action on, in case of the money not being paid to him or her according to the tenor of its condition.

[Slocum v. Slocum.]

The fifth error has not been sustained. Even if there were a material variance between the original count and the declaration, it could only be taken advantage of by craving and obtaining oyer of the writ, and then pleading the variance in abatement. The particular in which the variance is alleged to exist, is in the amount of money mentioned in the writ, which the counsel for the plaintiff in error seems to think must be taken to mean the amount of the recognizance intended to be sued on, and the amount mentioned in the declaration as the amount of the recognizance declared. But it is susceptible of a different interpretation, which will reconcile and render the writ and declaration perfectly consistent with each other. The sum mentioned in the writ does not necessarily import to be the amount of the recognizance, nor does it appear to have been so intended. It was intended, as I apprehend, to limit the sum, beyond which the party suing out the writ, did not intend to claim under the recognizance, and not designed as descriptive of the recognizance, so that it may fairly be said, that the amount of the recognizance is not mentioned in the writ, and therefore is in nowise variant from, or at least not repugnant in any respect to, the recognizance as set out in the declaration.

The last error consists of a mere formal objection to the declaration; and ought not, therefore, to prevail after a judgment rendered against the plaintiffs in error, who were the defendants below, for want of an affidavit of a defence on their part. If the defect complained of were one of substance, it might be fatal.

Judgment affirmed.